*Bellamy*
*v.*
*Corban.*

*Vermont* Stat. vol. 1. p. 57.

———— ⊛ ————

RICHARD PEARSE, Appellee,

*against*

MOSES GODDARD, Appellant.

AND now the said *Richard Pearse*, appellee, complaint makes, that by the consideration of the County Court holden at *Middlebury*, within and for the County of *Addison* aforesaid, on the first *Monday* of *March*, A. D. 1801, he recovered judgment against the above-mentioned *Moses Goddard* for the sum of 353 dols. 33 cts. damages, and the sum of 11 dols. 45 cts. costs of suit ; from which judgment the said *Moses* appealed to this present term of the Supreme Court, and on the first day of the term entered his appeal in said

When the appellant is defaulted, the appellee cannot file a complaint as in case of the non-entry of the appellant, and thus recover 12 per cent. as increase of damages, but must take his debt and usual costs in the action appealed.

Court; but on the sixth day of the same term, being thrice solemnly called to prosecute his said appeal to effect, did not appear, but thereof made default, which default is regularly entered on the docket of the said Supreme Court.

Now the complainant having here ready in Court to be produced, attested copies of said judgment and other necessary evidence, prays the Court to affirm said original judgment with additional costs, and allow the complainant appellee interest on the damages so by him recovered as increase of damages occasioned by the appellant's delay in neglecting to enter and prosecute said appeal to effect at the rate of twelve per centum per annum, as is provided by the fourth section of the act entitled, an act constituting the Supreme Court of Judicature and County Courts, defining their powers, and regulating judicial proceedings.

*Vermont* Stat.
vol. 1. p. 55.

By his attorney,

*S. Miller.*

The question made is, shall this complaint be sustained?

JACOB, Judge. This complaint is novel; but I consider the judgment of the Court below ought to be affirmed, and the damages increased by the twelve per cent. interest.

The object of the Legislature was to prevent unnecessary delay in the collection of debts. They have therefore enacted, that if an appellant shall neglect to enter and prosecute his appeal to effect, he shall, upon complaint made by the appellee, and af-

firmation of the original judgment, remunerate the appellee by increase of damages occasioned by his delay, at the rate of twelve per centum per annum.

It appears to me, that this salutary statute check upon the delays of debtors would be entirely evaded by permitting the appellant to make a mere formal entry of his appeal, and then instantly suffer a default.

TYLER, Judge. The words of the statute, " shall neglect to enter *and* prosecute his appeal to effect," are in the *conjunctive*. The appellant must neglect both, or he is not liable on complaint to the payment of the 12 per cent. interest; otherwise, if in the dis-*junctive,* " neglect to enter *or* prosecute," if he then had failed in either, I should have been for sustaining the complaint.

Chief Judge. I am in opinion with Judge TYLER. Further it appears to me, that if we sustain this complaint, we shall encounter a difficulty in disposing of the proceedings already had upon the appeal. Here is a default entered, and, to make the record complete, costs must be taxed and damages ascertained. And although the general practice has been, when a party suffering a default intends to be heard in the assessment of damages, that the default is suffered under a rule that the defendant shall be heard in damages, yet as the statute provides, that " when judgment shall be rendered by default, or on demurrer, in any Court in this State, the Judges of such Court shall have full power, by themselves, by the Jury in Court, the report of the clerk, or the report on oath

Pearse<br>v.<br>Goddard.

*Vermont* Stat.<br>vol. 1. p. 75.

of one or more judicious person or persons, to be appointed as an inquest by the Court to ascertain the sum due." I do not conceive we could bar the appellant from yet being heard in damages on the default. In which case there would be a complete judgment on the appeal, and another judgment on the affirmation under the complaint if it should be sustained, and full costs in both; and perhaps the result of the inquiry after damages upon the default might lessen the judgment in the Court below to a sum merely nominal.

I will observe further, that a default entered on the docket is not by our practice conclusive against a party until after the rising of the Court. The statute provides, that after default recorded and judgment entered thereon, if before the third day inclusive of the first day of the sitting of the Court, the defendant shall come into Court and move for a trial, he shall be admitted to it upon paying to the adverse party his legal costs. The Court have considered this statute provision to apply only to cases where there has been no appearance by the defendant in Court: therefore, in those cases which the statute did not reach, it has been the practice of the Court on motion, under considerations of equity, to take off a default at any day of the term, under a rule securing to the adverse party ample compensation for all the inconveniences he may sustain by it.

*Vermont* Stat.
vol. 1. p. 75.
A default entered on the docket is not conclusive until the rising of the Court.

The complainant had leave to discontinue, and judgment entered upon the default.

*Samuel Miller,* for appellee.
*Josias Smith,* for appellant.